## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYLE J. SUTTON,

                        **Plaintiff,**

        **v.**                                   **CASE NO. 20-3105-SAC**

JACOB SLEDD, et al.,

                        **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while held at the Wyandotte County Jail (WCJ). He proceeds pro se and in forma pauperis.

### Nature of the Complaint

The complaint names as defendants Detective J. Sledd, Captain Terrazza, Assistant District Attorney B. Hanschu, attorney J. Spies, deputy court clerk A.M., Wyandotte County Sheriff Ash, Grievance Officer S. Toms, the Unified Government of Wyandotte County, the Kansas City, Kansas, Police Department, the Wyandotte County Courthouse, and the Wyandotte County District Attorney's Office.

The court has reviewed the complaint and construes it to assert three claims: first, that plaintiff's arrest was unlawful; second, that the WCJ improperly transferred him to two other facilities where he was unable to receive the medication prescribed at the WCJ; and third, that he received a disciplinary ticket for exercising his rights under the First Amendment.

### Screening

A federal court must conduct a preliminary review of any case

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable toeg plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

Plaintiff challenges his arrest and the collection of evidence, broadly alleging false arrest, the solicitation of false evidence, false prosecution, legal malpractice, and abuse of process. In Kansas, a guilty plea generally operates as a waiver of defects in the proceedings prior to the plea. Accordingly, a defendant who voluntarily enters a guilty plea waives defects that occurred in any prior proceedings, even if the alleged defects are of constitutional dimension. *State v. Melton*, 207 Kan. 700, 713,

486 P.2d 1361 (Kan. 1971)(guilty plea waived claims that defendant's conviction was based on involuntary confessions or illegal searches). *See also Young v. State*, 206 Kan. 318, 319, 478 P.2d 194 (1970)(guilty plea waived defendant's claim that there was no probable cause for the issuance of an arrest warrant).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court held that a civil rights suit for money damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 486-87. In *Heck*, the Court stated: "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Plaintiff's guilty plea bars him from obtaining relief from his conviction on the grounds identified, and his claim in this action is barred by *Heck*.

Next, plaintiff complains that he was transferred from the WCJ to a facility in Centerview, Missouri, and later, to the Leavenworth County Jail, where he was unable to receive Seroquel, an antipsychotic medication he was provided at the WCJ. He states that he went through difficult withdrawal from the medication at both institutions and alleges the transfers violated his constitutional rights.

As a pretrial detainee, plaintiff was "entitled to the degree of protection against denial of medical attention which applies to convicted inmates." *Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307

(10th Cir. 1985). This right is secured by the Fourteenth Amendment, which "prohibits deliberate indifference to a pretrial detainee's serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020). The two-part standard used under the Eighth Amendment applies to a pretrial detainee's claim of inadequate medical care. *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020). Under this standard, the reviewing court considers both an objective and a subjective component. "The objective component is met if the deprivation is 'sufficiently serious.' ... The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

Here, it appears that plaintiff's mental health condition is serious. However, the decision to transfer a detainee to another facility is one that involves a number of factors, and the court is not persuaded that the transfers in question are attributable to deliberate indifference because they resulted in the lack of access to a particular medication. While plaintiff is entitled to adequate medical care, his care depends upon the medical judgment of personnel at the facility where he resides, and there is no general requirement that all facilities offer identical care options or all options available outside the correctional system. *See, e.g.*, *Boles v. Dansdill*, 361 Fed.Appx. 15, 18 (10th Cir. 2010)(stating doctor was not at fault for failing to prescribe particular eye drops for patient's allergies because the department of corrections had banned the medication); *see also Collier v. Harter*, 2012 WL

1495366, at *11 (W.D.N.Y. Apr. 27, 2012)(doctor who refused to prescribe a drug that was not approved at the correctional facility did not act with deliberate indifference).

Third, plaintiff claims he received a disciplinary ticket for the exercise of his First Amendment rights. On October 25, 2018, the WCJ issued him a disciplinary ticket for conduct which disrupts (Doc. 4, p. 34). The face of the ticket states that Leavenworth County authorities contacted Wyandotte County authorities due to plaintiff's medical complaints, talk of lawsuits, and causing problems. As a result, plaintiff was returned to Wyandotte County and placed in segregation. Following a hearing held on October 30, 2018, he received a sanction of 15 days in disciplinary segregation, with credit for time served in segregation.

As a pretrial detainee, plaintiff has a right, secured by the Fourteenth Amendment, not to "be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Plaintiff is entitled to the procedural protections set out in *Wolff v. McDonnell*, 418 U.S. 539 (1974). These protections are notice of the charges, the opportunity to present evidence, and a written decision explaining the outcome. *Wolff*, 418 U.S. at 563–66. The record of the disciplinary hearing (Doc. 4, p. 35) shows that plaintiff was provided with adequate due process.

For these reasons, the court is considering the dismissal of this matter for failure to state a claim for relief. Plaintiff will be given the opportunity to show cause why dismissal should not be entered and to file an amended complaint.

**Pending motions**

Five motions filed by plaintiff are pending before the court.

First, plaintiff moves to amend the relief sought in the complaint to request that his sentence be vacated (Doc. 7). This motion is denied. A state prisoner seeking federal relief from his sentence must proceed in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

Next, plaintiff moves for access to a law library (Doc. 12). Because plaintiff has been transferred to the state correctional system since he filed this motion, the court denies it as moot.

Plaintiff next moves to show interference of court process (Doc. 13). In this motion, plaintiff presents complaints concerning the processing of a state court tort action he filed in the District Court of Wyandotte County. Because this court has no jurisdiction over the operation of the state courts, the motion is denied. *See e.g., Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)(denying a request for mandamus relief against state court judges for lack of jurisdiction).

Plaintiff also moves to subpoena phone records (Doc. 16). Because this request is related to the plaintiff's arrest by Kansas City, Kansas, police officers, the motion is denied. The court has found that that claim is waived by plaintiff's guilty plea.

Finally, plaintiff moves for a ruling (Doc. 17). The court construes the present screening order to address this request and

grants it as moot.

### Order to show cause

For the reasons stated, plaintiff is granted to and including **April 19, 2021,** to show cause why this matter should not be dismissed for failure to state a claim for relief. In the alternative, plaintiff may submit an amended complaint by that date. Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing an amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

(2) Defendants. Persons…may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous

suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious*, 415 F. App'x at 881 (to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately).

In any amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and events. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

Plaintiff must submit an amended complaint that (1) shows that he has exhausted available administrative remedies for all claims

alleged; (2) raises only properly-joined claims and defendants; (3) alleges sufficient facts to state a claim of a federal constitutional violation and states a federal cause of action; and (4) alleges sufficient facts to show personal participation by each defendant.

If plaintiff fails to submit an amended complaint consistent with these directions, the court will decide this matter upon the current complaint.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **April 19, 2021,** to show cause why this matter should not be dismissed or to file an amended complaint.

IT IS FURTHER ORDERED plaintiff's motion to amend relief (Doc. 7), motion for access to a law library (Doc. 12), motion to show interference (Doc. 13) and motion to subpoena phone records (Doc. 16) are denied.

IT IS FURTHER ORDERED plaintiff's motion for ruling (Doc. 17) is granted.

**IT IS SO ORDERED.**

DATED:  This 18th day of March, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge