**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KYLE J. SUTTON,**

                              **Plaintiff,**

          **v.**                                                    **CASE NO. 20-3105-SAC**

**JACOB SLEDD, et al.,**

                              **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff Kyle J. Sutton, who is incarcerated at El Dorado Correctional Facility in El Dorado, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 while he was being held at the Wyandotte County Jail (WCJ) awaiting trial.

**Background**

Because this is a case in which Plaintiff, a prisoner, seeks relief against a governmental entity and officers or employees of a governmental entity, the Court was required to conduct a preliminary review of the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A9a)-(b). Plaintiff is proceeding pro se, so the Court liberally construed the complaint and applied less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S.

89, 94 (2007). After completing the preliminary review, the Court issued a memorandum and order (M&O) on March 18, 2021. (Doc. 18.)

In the M&O, the Court advised Plaintiff that it construed the complaint to assert three claims: (1) Plaintiff's arrest was unlawful; (2) the WCJ improperly transferred plaintiff to two other facilities where he was unable to receive the medication that had been prescribed at the WCJ; and (3) he received a disciplinary ticket for exercising his First Amendment rights. *Id.* at 1. The Court therefore informed Plaintiff that it was considering the dismissal of this matter for failure to state a claim upon which relief may be granted. *Id.* It did, however, give Plaintiff the opportunity to show cause why it should not do so and to file an amended complaint curing the deficiencies. *Id.* The Court allowed Plaintiff until April 19, 2021 to file an amended complaint or a written response showing why the case should not be dismissed. *Id.* at 11. On April 14, 2021, Plaintiff filed a response, asserting that he did not receive the M&O until April 9, 2021 and prison conditions prevented him from timely completing an amended complaint. (Doc. 20, p. 1.) In light of this information, the Court will give Plaintiff additional time in which to submit an amended complaint. First, however, the Court will address Plaintiff's response to the M&O.

**Discussion**

In the M&O, the Court concluded that Plaintiff's first claim—that his arrest was unconstitutional—is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff's conviction came from a guilty plea and success on Plaintiff's first claim "would necessarily imply the invalidity of [Plaintiff's] conviction or sentence." In his response, Plaintiff does not dispute this conclusion. Thus, if Plaintiff chooses to file an amended complaint, he need not include that claim. If he does so, the claim will be dismissed without further prior notice to Plaintiff.

As to Plaintiff's second claim, which is based on his transfers and the resulting inability to take prescribed medication, the Court in the M&O set out the standard for claims of deliberate indifference to a pretrial detainee's serious medical needs, which includes both an objective and a subjective component. (Doc. 18, p. 5.) *See Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1028 (10th Cir. 2020); *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). To satisfy the subjective component, Plaintiff must show that the defendant prison official "'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)).

The complaint, however, did not allege sufficient facts to support a plausible claim that the transfers in question were

3

attributable to deliberate indifference. In other words, Plaintiff failed to allege a plausible claim that any defendant knew that the transfers would result in Plaintiff not receiving his Seroquel, knew that discontinuing Seroquel posed an excessive risk to Plaintiff's health or safety, and disregarded that risk. Moreover, as the M&O noted, there is no general requirement that all correctional facilities offer identical care options or all options available outside the correctional system. (Doc. 18, p. 5-6.)

In his response, Plaintiff argues that the complaint sufficiently alleged his transfers were a result of deliberate indifference and retaliation. He points out that he alleged in the complaint that he filed grievances at the WCJ when he was denied his medication and, when he finally began receiving the medication, he was transferred to facilities that refused to provide it to him. These allegations, even when taken as true, do not plausibly show the required subjective component of a deliberate indifference claim as detailed above. Thus, unless Plaintiff alleges additional facts in his amended complaint, this claim will also be subject to dismissal without further prior notice to Plaintiff.

Liberally construing the response, as is appropriate since Plaintiff is proceeding pro se, it appears that Plaintiff may intend to also raise a claim that the jail transfers were unconstitutional retaliation for his utilizing the grievance process. If Plaintiff

4

chooses to do so in an amended complaint, he is advised of the standard for such claims.

> "To state a First Amendment retaliation claim, a plaintiff must allege that: 1) he was engaged in constitutionally protected activity; 2) the defendants' actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and 3) the defendants' adverse actions were substantially motivated by the plaintiff's protected activity. Specific facts showing retaliation, as opposed to personal beliefs, must be alleged.
>
> ". . . A plaintiff may be able to establish that a defendant's actions were substantially motivated by protected activity where the allegations show 1) the defendant was aware of [the plaintiff's] protected activity; 2) the protected activity complained of the defendant's actions; and 3) the alleged retaliatory act 'was in close temporal proximity to the protected activity.' Temporal proximity between protected activity and a challenged prison action, however, does not in itself demonstrate the causal nexus for a retaliation claim."

*O'Bryant v. Finch*, 637 F.3d 1207, 1215 (10th Cir. 2011) (citations omitted).

Regarding Plaintiff's third claim, which is based on a disciplinary proceeding at the WCJ based on allegedly protected conduct in Leavenworth County, the Court noted in the M&O that as a pretrial detainee, Plaintiff had a Fourteenth Amendment right not

5

to "be punished prior to an adjudication of guilt in accordance with due process of law." (Doc. 18, p. 6 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Plaintiff also was entitled to the procedural due process protections set out in *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974): notice of the charges, the opportunity to present evidence, and a written decision explaining the outcome. Based on the exhibits Plaintiff provided to the Court, the Court concluded that Plaintiff received adequate due process. (See Doc. 18, p. 6.)

In his response, Plaintiff contends that he did not receive notice of the disciplinary hearing. Despite Plaintiff's assertions, the Disciplinary Hearing Report he provided to the Court indicates that Plaintiff "was provided with a copy of the ticket" so he received notice of the charges. (See Doc. 4, p. 35.) Plaintiff does not allege that he requested and was denied an opportunity to present evidence, and the Disciplinary Hearing Report is a written decision explaining the outcome. Thus, he has not pled a plausible claim for violation of his procedural due process rights.

It also appears from the response that Plaintiff may wish to assert a retaliation claim based on the theory that the disciplinary proceedings were unlawful retaliation for his use of the prison grievance system and constitutionally protected medical requests. If so, he must allege facts in the amended complaint that support a plausible claim for retaliation under the standard set forth

6

above. Finally, Plaintiff points out that the conduct for which he was disciplined in the WCJ occurred in Leavenworth County, but the significance of this fact is unclear to the Court at this time.

**Amended Complaint Required**

For the reasons stated in the M&O and herein, Petitioner's first claim is barred by *Heck* and the complaint does not allege sufficient facts to support a plausible claim for relief based on his transfers from the WCJ, the resulting denial of his medication, or the disciplinary proceedings at the WCJ. The Court will therefore allow Plaintiff additional time in which to file a complete and proper amended complaint on court-approved forms that cures all the deficiencies discussed herein and in the M&O.

An amended complaint is not simply an addendum to the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading. The amended complaint must contain all factual allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from any previous complaint or related exhibits.

Plaintiff must write the number of this case (20-3105) at the top of the first page of his amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10. He must also refer to each defendant again in the body of

the complaint, where he must allege facts describing the specific unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show that each defendant committed a federal constitutional violation. If Plaintiff files an amended complaint on or before December 3, 2021, the Court will conduct the required preliminary screening of the amended complaint. If Plaintiff does not file an amended complaint in the allotted time, the matter will be decided on the current complaint and will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including December 3, 2021, to file a complete and proper amended complaint to cure all the deficiencies discussed herein and discussed in the Court's earlier Memorandum and Order. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 21st day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge